UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA LYNN NABORS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MODESTO, et al.,<br><br>Defendants. | No. 2:26-cv-01719-DAD-SCR<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 3) |

This matter is before the court on plaintiff's *ex parte* motion for temporary restraining order filed on May 5, 2026 by plaintiff Ercia Lynn Nabors, proceeding *pro se*. (Doc. No. 3.) For the reasons stated below, the court will deny plaintiff's motion for temporary restraining order.

**BACKGROUND**

On May 5, 2026, plaintiff filed a complaint against defendants City of Modesto and Modesto Police Department ("defendants"). In her complaint, plaintiff alleges as follows.

On April 14, 2026, officers from the Modesto Police Department responded to a call for service during which plaintiff was handcuffed, lifted off the ground more than once, and physically restrained. (Doc. No. 1 at 8.) Plaintiff was arrested "under the pretext of a DUI investigation" after officers were "requested to assist with a solo vehicle collision." (*Id.* at 8, 11–12.) Plaintiff suffered "bruises, abrasions, wrist pain, arm pain, head pain, neck pain, and other

1

injuries." (*Id.* at 8.)  Plaintiff was transported to the hospital where she was held down against her will so her blood could be drawn.  (*Id.*)  Plaintiff is informed that the relevant police report number is MP26008759.  (*Id.*)

Based on these allegations, plaintiff asserts the following causes of action: (1) excessive use of force (42 U.S.C. § 1983); (2) "unreasonable search/forced blood draw"; (3) false arrest; (4) failure to intervene; (5) *Monell* liability; (6) Bane Act (Cal. Civ. Code § 52.1); (7) battery; (8) negligence; and (9) intentional infliction of emotional distress.  (Doc. No. 1 at 15.)

In her motion for temporary restraining order, plaintiff requests a court order requiring the preservation of evidence.  (Doc. No. 3 at 3–4.)  On May 6, 2026, the court ordered plaintiff to serve defendants with a copy of the complaint, motion for temporary restraining order, accompanying papers, and the court's minute order no later than Tuesday, May 12, 2026.  (Doc. No. 4.)  The court further ordered that defendants promptly enter Notices of Appearance and file a written opposition to the pending motion for temporary restraining order no later than May 15, 2026.  (*Id.*)  On May 13, 2026, plaintiff filed a proof of service which states that an individual personally served the relevant documents at the Modesto City Attorney's Office on May 11, 2026.  (Doc. No. 5.)  Defendants have not noticed their appearance, nor have they filed an opposition to plaintiff's motion for temporary restraining order.

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los*

2

*Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The party seeking the injunction bears the burden of proving these elements.  *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").  Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

## DISCUSSION

Plaintiff requests a temporary restraining order requiring defendants to preserve evidence that may be relevant to the pending litigation.[1]  (Doc. No. 3.)  Plaintiff argues that the evidence at issue is often subject to routine deletion policies and faces an imminent risk of spoliation.  (Doc. No. 3 at 1.)  Plaintiff also argues that loss of evidence constitutes irreparable harm because it threatens the integrity of the judicial process.  (Doc. No. 3 at 2.)  Plaintiff has not provided any evidence to support her assertion that defendants maintain a routine evidence deletion policy, nor has plaintiff made any showing suggesting that loss of evidence is likely to occur here.  In this regard, "a party seeking injunctive relief must adduce evidence of likely irreparable harm and may not rely on 'unsupported and conclusory statements regarding harm [the plaintiff] might suffer.'"  *Disney Enters., Inc. v. VidAngel, Inc.*, 224 F. Supp. 3d 957, 975 (C.D. Cal. 2016) (quoting *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013)), *aff'd,* 869 F.3d 848 (9th Cir. 2017).

Plaintiff has presented evidence that she has provided notice to the Modesto City Clerk and the Modesto Police Department regarding her request that they preserve the evidence at issue

---

[1] Specifically, plaintiff requests an order requiring defendants to preserve all evidence related to "MPD Case #MP26008759", including body camera footage, dash camera footage, jail video, dispatch audio, CAD logs, police reports, use-of-force reports, a blood draw warrant and affidavit, and hospital records.  (Doc. No. 3 at 3–4.)  The court notes that some of this evidence, such as jail video and hospital records, may not be within the custody and control of defendants.

3

on April 29, 2026.  (Doc. No. 1 at 75–76.)  Once placed on notice of the evidence's potential relevance, defendants have a duty to preserve that evidence.  *See Wildcat Retro Brands, LLC v. Herman*, No. 18-cv-07833-JAK-PJW, 2018 WL 11363942, at \*5 (C.D. Cal. Oct. 4, 2018) ("Once the duty to preserve attaches, a party must . . . preserve all relevant documents related to the litigation.") (quoting *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1052 (S.D. Cal. 2015)); *Scalia v. Cnty. of Kern*, 576 F. Supp. 3d 703, 706 (E.D. Cal. 2021) ("A party has a duty to preserve documents or things in its possession, custody or control if it has some notice that the documents or things are potentially relevant to existing or reasonably anticipated litigation.").  "The duty for litigants to preserve evidence, 'backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence.'" *Orozco v. Am. Legion Ambulance Co.*, No. 2:25-cv-1994-DJC-CKD, 2025 WL 2408636 (E.D. Cal. Aug. 20, 2025) (quoting *Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF-PVT, 2010 WL 3564847, at \*1 (N.D. Cal. Sept. 13, 2010)), *report and recommendation adopted,* No. 2:25-cv-01994-DJC-CKD, 2025 WL 2643986 (E.D. Cal. Sept. 15, 2025).  "Before additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result." *Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF-PVT, 2010 WL 3564847, at \*1 (N.D. Cal. Sept. 13, 2010).  As noted, plaintiff has not made any showing suggesting that defendants will not comply with their duty to preserve evidence absent a court order.  Should plaintiff make a showing of spoilation[2] in the future, the court may impose sanctions as a remedy.  *See Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754 (9th Cir. 2015) ("Upon a finding of spoliation, the district court had discretion to impose sanctions pursuant to its inherent power.").

---

[2]  "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051–52 (S.D. Cal. 2015).  "A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir.2002)).

Based on the foregoing, plaintiff has not shown a likelihood of irreparable harm. As a result, the court need not address plaintiff's showing with respect to her likelihood of success on the merits, the balance of equities, and whether the granting of an injunction is in the public interest. *See Singleton v. Kernan*, No. 3:16-cv-02462-BAS-NLS, 2017 WL 4922849, at *3 (S.D. Cal. Oct. 31, 2017) ("Where a plaintiff fails to demonstrate a likelihood of irreparable harm without preliminary relief, the court need not address the remaining elements of the preliminary injunction standard."), *aff'd,* 730 F. App'x 540 (9th Cir. 2018); *Election Integrity Project California, Inc. v. Padilla*, No. 2:21-cv-00032-AB-MAA, 2021 WL 3828457, at *3 (C.D. Cal. Jan. 11, 2021) (denying the plaintiffs' motion for temporary restraining order to preserve evidence because the plaintiffs did not show irreparable harm and declining to address the remaining *Winter* elements); *Brooks v. It Works Mktg., Inc.*, No. 1:21-cv-01341-DAD-BAK, 2022 WL 2217253, at *8 (E.D. Cal. June 21, 2022) (determining the plaintiff did not carry her burden to show irreparable harm and denying her motion for preliminary injunction on that basis).

## CONCLUSION

For the reasons explained above, plaintiff's motion for a temporary restraining order (Doc. No. 3.) is DENIED. This action is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **May 26, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE